**DORIA MINING AND ENGINEERING CORPORATION, a corporation, Plaintiff-Appellant,**

v.

**Rogers MORTON, Secretary of the Interior, Calnev Pipeline Company, a corporation, the State of California, Douglas Leisz, as Regional Director of United States Forest Service, and Harold Mitchell, as Acting Forest Supervisor of San Bernardino National Forest, Defendants-Appellees.**

No. 77–1163.

United States Court of Appeals,
Ninth Circuit.

Nov. 2, 1979.

Rehearing Denied Dec. 19, 1979.

Sarah C. Carey, Washington, D. C., Larry A. Sackey, Ontario, Cal., argued for plaintiff-appellant; Bowman & Conner, Washington, D. C., on brief.

David G. Moore, Reid, Babaage & Coil, Riverside, Cal., Robert W. Vidor, Los Angeles, Cal., Jacques B. Gelin, Dept. of Justice, Washington, D. C., argued for defendants-appellees; Harry S. Fenton, Los Angeles, Cal., on brief.

Before TRASK and WALLACE, Circuit Judges, and SOLOMON,[*] District Judge.

WALLACE, Circuit Judge:

Doria Mining and Engineering Corporation (Doria) appeals from a summary judgment in which the district court affirmed an administrative decision by the Department of the Interior Board of Land Appeals (IBLA) regarding the validity of various placer mining claims. Among other things, Doria alleged that the IBLA decision was obtained by fraud and perjury, but the district court would not consider this allegation because it was based on evidence not found in the administrative record. We vacate the summary judgment and remand to the district court.

I

Doria has asserted a possessory interest in 18 placer claims (for the discovery of valuable sand and gravel deposits) which had been obtained from the United States Forest Service by Doria's predecessors in interest. The Forest Service granted to the State of California an easement across portions of land covered by Doria's purported claims, on which California subsequently built part of Interstate Highway 15. The Forest Service also granted special use permits to Calnev Pipeline Company (Calnev), which enabled it to construct a pipeline across land covered by Doria's claims. Both the easement and the permits were issued "subject to existing claims," but neither California nor Calnev sought permission from Doria before engaging in their construction projects. In 1970 and 1971, Doria filed actions against California and Calnev in California superior court alleging trespass and inverse condemnation.

In 1972, California and Calnev initiated private contest proceedings in the Department of the Interior pursuant to 43 C.F.R. § 4.450–1, claiming interests adverse to Doria's in the lands on which Doria's purported placer claims were located, and alleging that the claims were invalid for failure to discover a valuable mineral deposit within their limits. The United States subsequently intervened as a contestant on behalf of the Forest Service. Following a hearing, an administrative law judge ruled that the claims were invalid, and, on appeal, the IBLA affirmed.

Doria requested reconsideration of the IBLA judgment, based on "suspicions" that the contestants' primary expert witness, Schroter, had fraudulently altered mineral samples from Doria's claims, and had perjured himself in testifying about his sampling and testing methods. Upon denial of the request, Doria filed a complaint in district court pursuant to 28 U.S.C. § 1331(a) and portions of the Administrative Procedure Act, 5 U.S.C. §§ 701–06,[1] for judicial review of the IBLA judgment. Based upon the Declaratory Judgment Act, 28 U.S.C.

---

[*] Honorable Gus J. Solomon, United States Circuit Judge, District of Oregon, sitting by designation.

1. Subsequent to Doria's filing of its complaint, the Supreme Court held that jurisdiction to review administrative decisions by the Secretary of the Interior is conferred on the district court by section 1331, and not by the Administrative Procedure Act. *See Andrus v. Charlestone Stone Prods. Co.,* 436 U.S. 604, 607 n.6, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978).

§§ 2201–02, Doria also requested a judgment declaring that its placer claims were legal and valid. The complaint did not allege that Schroter had committed either fraud or perjury before the IBLA.

Doria claims that thirteen months after commencing its district court review action, it discovered in the collateral state proceedings what it believed was strong evidence of fraud and perjury by Schroter in the IBLA proceeding. Doria asserts that it immediately moved the district court for leave to amend its complaint to include allegations of such misconduct. The district judge took the motion under submission.

One month later, Doria renewed its motion for leave to amend and, in the alternative, moved for a stay of the district court proceedings pending an attempt to obtain a rehearing before the IBLA based on the purported new evidence. Both motions were denied, and the district judge subsequently granted summary judgment affirming the IBLA decision. Doria then moved for, and the district judge summarily denied, relief from judgment pursuant to Fed.R.Civ.P. Rule 60(b)(3).

Doria raises three issues on appeal: (1) whether the district court erred in denying, on jurisdictional grounds, Doria's motion for leave to amend its complaint or, in the alternative, for a stay of proceedings; (2) whether Doria's allegations of fraud and perjury raised factual issues that made the district court's subsequent granting of summary judgment improper; and (3) whether the district judge's summary denial of Doria's Rule 60(b)(3) motion constituted an abuse of discretion. We find it necessary to consider only the first issue.

## II

■ The district courts have jurisdiction to review administrative decisions of the Secretary of the Interior pursuant to 28 U.S.C. § 1331(a). *Andrus v. Charlestone Stone Prods. Co.*, 436 U.S. 604, 607 n.6, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978). When the regulations governing an administrative decision-making body require that a party exhaust its administrative remedies prior to seeking judicial review, the party must do so before the administrative decision may be considered final and the district court may properly assume jurisdiction. *Eluska v. Andrus*, 587 F.2d 996, 999 (9th Cir. 1978); *Montgomery v. Rumsfeld*, 572 F.2d 250, 252–53 (9th Cir. 1978); *see* 5 U.S.C. § 704.

■ Department of Interior regulations do require that administrative remedies must be exhausted before any administrative decision from the Department is subject to judicial review. 43 C.F.R. § 4.21(b). Administrative remedies are deemed exhausted upon disposition of a claim which is not appealable to either the Director of the Interior Office of Hearings and Appeals or an Appeals Board such as the IBLA. *Id.* § 4.21(b). A decision of the IBLA is not subject to further appeal before either the Director or any Appeals Board. *Id.* § 4.21(c). When Doria lost before the IBLA, therefore, it had exhausted its administrative remedies, and the IBLA determination constituted the Secretary of the Interior's final decision to deny the validity of Doria's purported placer mining claims. The district court thus had jurisdiction to review the IBLA judgment.

## III

■ The district court, however, denied Doria's motion for leave to amend, apparently on the ground that the court was without jurisdiction to consider evidence not found in the administrative record.[2] It

2. The exact language of the district judge, in colloquy with counsel, was as follows:

THE COURT: No, I think that I will take your matter to amend under submission . . . ., but I just don't think I have jurisdiction. You are attacking the matter collaterally. You can't do it.

.     .     .     .     .

THE COURT: If somebody has perjured himself, why don't you refer it to the United States Attorney?

.     .     .     .     .

THE COURT: To the criminal section.

.     .     .     .     .

THE COURT: I will take it under submission but I just don't think I have any more

is true that the appropriate standard for review of administrative proceedings is whether the administrative findings are supported by substantial evidence in the record as a whole. *See, e. g., Universal Camera Corp. v. NLRB,* 340 U.S. 474, 490–91, 493, 497, 71 S.Ct. 456, 95 L.Ed. 456 (1951); 5 U.S.C. § 706. When, however, the party seeking review alleges that it has discovered new evidence showing that the decision before the court for review was obtained by a fraud on the administrative proceeding, we hold that the reviewing court may consider evidence extrinsic to the record in determining whether such allegations are meritorious.

■ Although no case was cited to us, and we have found no case which is direct authority for our conclusion, *Standard Oil Co. v. Montedison, S.p.A.,* 540 F.2d 611 (3d Cir. 1976), is instructive. In that case, the plaintiffs had filed, pursuant to 35 U.S.C. § 146, for district court review of a decision by the Board of Patent Interferences (Board). They later sought leave from the district court to amend their complaint to include allegations of fraud in the proceedings before the Board. Believing that it was not empowered to consider an issue that had not been raised before the Board, the district court denied the plaintiffs' motion to amend. *Id.* at 618. On appeal, the Third Circuit held that "in appropriate circumstances the district court may, in [a section 146] action, in the exercise of a sound discretion, permit an issue of fraud which infected the Board's determination to be raised though it was not raised in the interference proceeding." *Id.* at 617. The

court enumerated a number of factors which the district court should consider when deciding whether to exercise discretion to hear new allegations of fraud,[3] and then stated: "If after considering all relevant factors the court concludes that manifest injustice to the parties and the public will otherwise result, it should permit the issue to be raised for the first time in the § 146 proceeding." *Id.*

*Montedison's* holding that a court reviewing an administrative determination may properly exercise its discretion to hear an issue of fraud not presented before the administrative body, and hence not found in the administrative record, finds some support in earlier cases. *See Interstate Investors, Inc. v. United States,* 287 F.Supp. 374, 382–84 (S.D.N.Y.1968) (three-judge court) (court reached the merits of complaint seeking to set aside an administrative decision for fraud, based on evidence not contained in the administrative record), *aff'd,* 393 U.S. 479, 89 S.Ct. 707, 21 L.Ed.2d 687 (1969) (per curiam); *cf. United States v. Shotwell Mfg. Co.,* 355 U.S. 233, 240–45, 78 S.Ct. 245, 2 L.Ed.2d 234 (1957) (allegation that new evidence had been discovered showing fraud had been committed on the district court; Supreme Court considered such evidence in deciding that vacation and remand were required). *See also Linn and Lane Timber Co. v. United States,* 236 U.S. 574, 578–79, 35 S.Ct. 440, 59 L.Ed. 725 (1915) (a decision by the Secretary of Interior to issue land patents is open to reconsideration by the courts when the issuance has been obtained by fraud).[4]

---

right to interfere with—in this kind of a basis than I would have the right to interfere in a State Court trial proceeding.

The district judge ultimately denied Doria's motion without comment, and without giving Doria an opportunity to develop the motion's evidentiary foundation.

**3.** These factors include: (1) whether there was "suppression, bad faith, or gross negligence on the part of the plaintiff in failing to raise the issue of fraud before the Board"; (2) whether evidence of the alleged fraud was "reasonably available" at the time the dispute was before the Board; and (3) whether the issue "has been

or may be more conveniently and expeditiously raised in another" forum. 540 F.2d at 617.

**4.** *But see Iron Ore Co. of Canada v. Dow Chem. Co.,* 177 U.S.P.Q. 34, 43–44 (D.Utah 1972) (district court indicated that, generally, it need not consider a newly raised issue in a section 146 proceeding), *aff'd on other grounds,* 500 F.2d 189 (10th Cir. 1974). *See also Standard Oil Co. v. Montedison S.p.A.,* 540 F.2d 611, 616 n.10 (3d Cir. 1976), (finding *Iron Ore Co.* unpersuasive authority on question whether new issue of fraud may be raised before reviewing court).

Although the circumstances of *Montedison* are not identical to those of this case,[5] the rationale of that case—that in certain circumstances a court reviewing an administrative decision should hear new allegations of fraud based on evidence extrinsic to the record in order to prevent injustice—is equally applicable here. Newly discovered evidence of fraud and perjury in an administrative proceeding will not be found in the administrative record. If the reviewing court, in the face of an allegation that such evidence exists and that administrative remedies have been exhausted, nevertheless confines itself to consideration only of evidence in the record, the party seeking review is left without any forum in which to argue the allegedly fraudulent basis of the administrative judgment. This is precisely what happened to Doria.[6] We conclude that the importance of preventing the prejudice to Doria and similarly situated parties which arises out of circumstances such as those before us outweighs any countervailing interests which administrative agencies and other parties which appear before them

may have in the finality of agency decisions. *Cf. Nasem v. Brown,* 183 U.S.App. D.C. 416, 421–422, 595 F.2d 801, 806–07 (D.C. Cir. 1979) (consideration of applicability of collateral estoppel doctrine; court states that doctrine represents balance of needs of judicial finality and efficiency as against need for fairness and accuracy, and concludes that "[t]he advantages of finality . . . can only be fairly garnered when the party to be estopped has had an adequate opportunity to litigate his claims" *id.* 183 U.S.App.D.C. at 421, 595 F.2d at 806).

We thus hold that it was error for the district court to deny, for lack of jurisdiction, Doria's motion for leave to amend its complaint. Because we do not know how the district judge would have ruled on the motion had he believed he had jurisdiction, we vacate the summary judgment affirming the IBLA decision.[7] We remand to the district court for further proceedings consistent with this opinion, including consideration of the merits of Doria's motion.[8]

## VACATED AND REMANDED.

---

**5.** An action taken in district court pursuant to 35 U.S.C. § 146 is procedurally a trial *de novo,* whereas judicial review of an IBLA judgment is not. The court in *Montedison,* however, observed that a section 146 review proceeding "is ordinarily subject to the general rule of estoppel applicable to proceedings for the review of administrative agency actions that consideration of issues ancillary to priority is limited to those issues which have been raised before the Board in the interference proceeding." *Standard Oil Co. v. Montedison, S.p.A., supra,* 540 F.2d at 616 (footnote omitted). Insofar as allegations of fraud extrinsic to the administrative record are concerned, then, district court review of administrative proceedings, pursuant to section 146, is, as viewed by *Montedison,* indistinguishable from judicial review of IBLA proceedings.

**6.** During oral argument, the government contended that the proper forum for consideration of Doria's new evidence of alleged fraud and perjury was the Department of the Interior. The record, however suggests that, as a matter of policy, the Department of the Interior refuses to grant requests for reconsideration of an administrative determination when the decision is before the district court for review. This was the Department's reason for denying Doria's first request for reconsideration, and the

government itself stated during oral argument that it was also the basis for denying Doria's second request for reconsideration, made while this appeal was pending. In view of this apparent policy, it is at best questionable whether the proper forum for Doria to present its allegations of fraud rests in the Department of the Interior. In any case, this would not appear to implicate the jurisdiction of a reviewing district court to consider such evidence, because the Department does not require that a party's exhaustion of its administrative remedies prior to seeking judicial review include a request for reconsideration of the administrative decision. 43 C.F.R. § 4.21(c).

**7.** It is thus unnecessary to decide whether the district court erred in granting summary judgment in the face of Doria's allegations of fraud and perjury.

**8.** Because, in arguing the merits of its motion, Doria will have an opportunity to present to the district court its new evidence of alleged fraud and perjury, we also find it unnecessary to consider Doria's suggestion that the district court erred when it refused to consider the new evidence in connection with Doria's Rule 60(b)(3) motion.